UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUGLAS A. MORIN,

    Petitioner,

v.                                         CASE NO. 6:15-cv-1981-Orl-37KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on Petitioner Douglas A. Morin's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. section 2254. Respondents filed a Response to the Petition ("Response," Doc. 28) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply to the Response ("Reply," Doc. 33) and an Amended Reply. (Doc. 42).

Petitioner alleges four claim for relief in his habeas petition. However, as discussed hereinafter, the Court concludes that Petitioner is not entitled to relief on his claims.

        **I.**        **PROCEDURAL HISTORY**

Petitioner was charged by information in case number 2009-01204 with robbery with a weapon and in case number 2009-01325 with grand theft after robbing a bank while using a knife and wearing a hood or mask. (Doc. 31-1 at 10-11). Petitioner's attorney

moved to have him evaluated for competency. (*Id.* at 32-33). Petitioner was evaluated by a psychologist, who opined that he was competent to stand trial. (*Id.* at 35-39). The trial court found Petitioner was competent. (*Id*). Defense counsel subsequently moved to suppress the evidence seized from Petitioner's vehicle and home. (*Id.* at 40-42). The trial court held a hearing on the matter, after which it denied the motion to suppress. (*Id.* at 44-194). Petitioner then entered into a plea wherein he agreed to plead nolo contendere in both cases and the State agreed to amend the charge in case number 2009-01204 to robbery with a mask. (*Id.* at 199-207). The trial court sentenced Petitioner to a ten-year term of imprisonment followed by a two-year term of probation for the robbery conviction and to time served for the grand theft conviction. (Doc. Nos. 31-1 at 270-71; 31-2 at 2-20).

Petitioner filed a *pro se* motion to withdraw his plea. (Doc. 31-2 at 22-25). The trial court held a hearing on the motion, after which it denied relief. (*Id.* at 27-114). Petitioner appealed, arguing in his initial brief that the trial court erred by denying his motion to suppress. *Id.* at 174-87. The Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. (Doc.31-3 at 16).

Petitioner then filed a petition for writ of habeas corpus in the trial court. (*Id.* at 31-44). Petitioner also filed a supplement to the motion. (Doc. 31-4 at 25-28). The trial court summarily denied the petition. (*Id.* at 34-35). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. 31-5 at 25). Next, Petitioner filed a petition for writ of habeas corpus in the appellate court alleging ineffective assistance of counsel. (*Id.* at 56). The Fifth DCA dismissed the petition. (*Id.* at 72).

2

Petitioner filed a petition for writ of mandamus in the Supreme Court of Florida which was denied for lack of jurisdiction. (Doc. 31-5 at 81-88; 31-6 at 2). Petitioner subsequently filed a petition for emergency release in the trial court. (Doc. 31-6 at 12-14). The trial court denied the petition, and the Fifth DCA affirmed *per curiam*. (*Id.* at 19, 73).

Petitioner also filed a petition for writ of error with the Second District Court of Appeal ("Second DCA"). (*Id.* at 88-100). The petition was transferred to the Fifth DCA, and the appellate court entered an order dismissing the petition. (Doc. 31-7 at 4).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure and a supplemental motion. (Doc. Nos. 31-7 at 6-34; 31-8 at 11-15). The trial court entered an order denying several claims on the merits and dismissing other claims with leave to amend. (Doc. 31-14 at 2-13). Petitioner did not file an amended Rule 3.850 motion, and instead he appealed the interim order. (*Id.* at 16). The Fifth DCA dismissed the appeal as premature. (Doc. 31-15 at 5).

While Petitioner's Rule 3.850 appeal was pending, he filed an amended Rule 3.850 motion, which was dismissed by the trial court for lack of jurisdiction due to the interlocutory appeal. (*Id.* at 13-17). Petitioner appealed, and the appellate court dismissed the appeal. (*Id.* at 53). There is no indication that Petitioner later filed an amended Rule 3.850 motion in compliance with the trial court's order. Petitioner also filed a petition for writ of habeas corpus in the First District Court of Appeal ("First DCA"), which was dismissed. (*Id.* at 54-57).

### III. Legal Standards

#### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act

### ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

4

Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B. **Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

5

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989). In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court of the United States held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### IV. ANALYSIS

#### A. Claim One

Petitioner alleges that his Fourth Amendment rights to be free from an illegal search and seizure were violated when the police conducted an unlawful, warrantless search of his person, vehicle, and home. (Doc. 1 at 5). Petitioner also contends that law enforcement officials later obtained a search warrant through the use of perjured

statements. (*Id.*).

The Supreme Court of the United States has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted); *Kuhlmann v. Wilson*, 477 U.S. 436, 446-47 (1986). The Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review created no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann*, 477 U.S. at 447.

The Eleventh Circuit has interpreted a "full and fair consideration" to require "consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court" when the facts are in dispute. *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000).

Petitioner's trial counsel filed a motion to suppress the evidence obtained from the warrantless stop and search of Petitioner's vehicle, home, and person. (Doc. 31-1 at 40-42). The trial court held a lengthy evidentiary hearing on the motion and denied it after consideration of the arguments raised by Petitioner. (*Id.* at 43-197). Petitioner challenged the denial of the motion on direct appeal (Doc. 31-2 at 174-87), and the Fifth DCA affirmed *per curiam*. (Doc. 31-3 at 16).

Under these circumstances, the Court concludes that Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claims. *See Mason v. Allen*, 605 F.3d 1114, 1120-21 (11th Cir. 2010) (concluding that *Powell* precluded consideration of the petitioner's Fourth Amendment claim because the petitioner fully litigated the issue in the state court); *Harris v. Dugger,* 874 F.2d 756, 761 (11th Cir. 1989) (holding that district court erred in considering the federal habeas petitioner's claim where the petitioner had fully and fairly litigated his claim in the state courts of Florida). Therefore, Petitioner's claim is denied.

Petitioner contends that his claim was not fully and fairly litigated in the state courts because the trial court did not address whether law enforcement officers made perjured statements or whether they lacked reasonable suspicion to stop him. However, these arguments were not exhausted in the state court.

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999). In order to satisfy the exhaustion requirement a "petitioner must 'fairly present[ ]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). A petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

Petitioner raised his claim related to the officers' lack of reasonable suspicion in the motion to suppress proceedings. However, he did not make this argument on direct appeal. (Doc. 31-2 at 174-87). Therefore, Petitioner did not fairly present this issue to the state's highest court, and thus, the claim is unexhausted. *Isaac*, 470 F. App'x at 818; *Snowden*, 135 F.3d at 735. Additionally, Petitioner's claim that law enforcement officers committed perjury to obtain the search warrant was not raised in the motion to suppress proceedings or on direct appeal, and consequently, this claim is also unexhausted.

The Court is precluded from considering these claims because they would be procedurally defaulted if Petitioner returned to state court. *Id.* at 736. Petitioner could not return to the state court to raise these grounds because he has already filed a direct appeal. Thus, Petitioner's claims are procedurally defaulted.

Procedural default may be excused only in two narrow circumstances: if a petitioner can show (1) cause and prejudice or (2) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To the extent Petitioner asserts that appellate counsel failed to raise this claim, his argument fails.

A claim of ineffective assistance of appellate counsel can be cause for procedural default if that claim also was exhausted in the state court. *See Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013); *Dowling v. Sec'y for Dep't of Corr.*, 275 F. App'x 846, 847-48 (11th Cir. 2008) (*citing Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000)). However, Petitioner did not raise this specific claim in his state habeas petition. (Doc. 31-5 at 56). Therefore, appellate counsel's failure to raise these matters does not serve as cause for the procedural default. Accordingly, these portions of claim one are procedurally barred.

9

B.  **Claim Two**

Petitioner asserts that he was denied his right to the effective assistance of counsel when the trial court denied defense counsel's motion to withdraw from the case. (Doc. 1 at 7). Petitioner states that defense counsel failed to (1) give the State's case a proper adversarial testing, (2) investigate the evidence; (3) secure *Brady* material, and (4) call witnesses. (*Id.* at 7). Petitioner raised these claims in his motion to withdraw plea. (Doc. 31-2 at 22-25). The trial court held a hearing on the matter and subsequently denied the motion. (*Id.* at 27-114). However, Petitioner did not raise these claims on direct appeal. Therefore, these claims are unexhausted. *See Isaac*, 470 F. App'x at 818; *Snowden*, 135 F.3d at 735.

The Court is precluded from considering these claims because they would be procedurally defaulted if Petitioner returned to state court. *Id.* at 736. Petitioner could not return to the state court to raise these grounds because he has already filed a direct appeal. Thus, Petitioner's claims are procedurally defaulted. Petitioner asserts that he can show cause for the procedural default. (Doc. 1 at 7). Petitioner contends that the failure to raise this claim was due to appellate counsel's deficient performance. (*Id.*). However, this claim of ineffective assistance of appellate counsel was not also exhausted in the state court. *See Brown*, 720 F.3d at 1333; *Dowling*, 275 F. App'x at 847-48. Petitioner did not raise this specific claim in his state habeas petition. (Doc. 31-5 at 56). Therefore, appellate counsel's failure to raise these matters does not serve as cause for the procedural default. Accordingly, claim two is procedurally barred.

### C. Claim Three

Petitioner argues that he was subjected to cruel and unusual punished when the trial court set an excessive bail amount. (Doc. 1 at 8). The Supreme Court of the United States has recognized that "[t]he Eighth Amendment's prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.'" *Miller v. Alabama*, 132 S. Ct 2455, 2463 (2012) (quoting *Roper v. Simmons*, 543 U.S. 551, 560 (2005)); *Baze v. Rees*, 553 U.S. 35 (2008) (stating that "[e]xcessive bail shall not be required, nor excessive fines imposed . . . ."). Petitioner states that setting bail at $50,000 in both of his cases was excessive and unconstitutional. (Doc. 1 at 8).

Federal courts have held that a claim regarding pre-trial bail becomes moot after a plea or conviction. *See Murphy v. Hunt*, 455 U.S. 478 (1982) (holding that the defendant's challenge to pre-trial bail became moot after his conviction in the state court); *McGee v. Sec'y*, No. 3:13-CV-1125-J-39MCR, 2015 WL 5772164, at *9–10 (M.D. Fla. Sept. 30, 2015) (denying a challenge to bail in a § 2254 habeas petition because the petitioner's claim was rendered moot following his plea and conviction). Therefore, Petitioner is not entitled to habeas relief on this claim, and it is therefore denied.

### D. Claim Four

Petitioner alleges that he was deprived of due process because no reasonable jurist could have found him guilty of the crimes. (Doc. 1 at 10). Petitioner claims he was "hoodwinked" and induced to enter a plea in this matter. (*Id.*) Respondents argue that this claim is unexhausted. (Doc. 28 at 27). The Court agrees with Respondents' argument because Petitioner did not raise a due process violation on direct appeal, nor did he

challenge the denial of his motion to withdraw plea. (Doc. 31-2 at 174-87); *see Isaac*, 470 F. App'x at 818; *Snowden*, 135 F.3d at 735.

The Court is precluded from considering this claim because it would be procedurally defaulted if Petitioner returned to state court. *Snowden*, 135 F.3d at 736. Petitioner could not return to the state court to raise this ground because he has already filed a direct appeal. Thus, Petitioner's claim is procedurally defaulted.

Petitioner asserts that he can show cause for the procedural default. (Doc. 1 at 10). Petitioner contends that the failure to raise this claim was due to appellate counsel's deficient performance. (*Id.*). However, Petitioner's claim of ineffective assistance of appellate counsel was not exhausted in the state court. *See Brown*, 720 F.3d at 1333; *Dowling*, 275 F. App'x at 847-48. Petitioner did not raise this specific claim in his state habeas petition. (Doc. 31-5 at 56). Therefore, appellate counsel's failure to raise this matter does not serve as cause for the procedural default. Accordingly, claim four is procedurally barred.

Alternatively, Petitioner has not demonstrated that he is entitled to relief on his claim. The written plea agreement, signed by Petitioner, provides that he was entering the plea freely and voluntarily. (Doc. 31-1 at 199-200). The plea also states that "[n]o person . . . threatened or coerced [Petitioner] into entering this plea" nor did anyone make any promises to induce him to enter the plea. (*Id.*). During the plea hearing, the trial court explained the maximum sentences Petitioner faced if convicted at trial. (*Id.* at 210). Petitioner stated that he understood the potential sentences and that his plea did not contain an agreement with regard to a specific sentence. (*Id.* at 210-11). Petitioner stated

12

that he was entering the plea because it was in his best interest. (*Id.* at 211). Petitioner also told the court that he had not been pressured, threatened, or coerced into entering the plea. (*Id.*).

The trial court addressed the rights Petitioner was giving up by virtue of entering the plea. (*Id.* at 212). Petitioner affirmed that he understood the rights he was giving up. (*Id.*). The State gave a factual basis for the plea, and the trial court found that there was a sufficient factual basis for the entry of the plea. (*Id.* at 214-15).

Petitioner's representations to the trial court are presumed true and he has not shown that the Court should overlook his statements. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (stating "the representations of the defendant . . . [at a plea proceeding] constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Petitioner has not demonstrated that that he was coerced into entering the plea or that a manifest injustice has occurred. The State gave a sufficient factual basis for the plea, and Petitioner waived his right to have the State prove the charges beyond a reasonable doubt.

There is no indication that the Petitioner's plea was unknowing or involuntary. The record reflects that Petitioner made an intelligent choice to voluntarily enter a plea after consideration of the alternative courses of action. *See Hill*, 474 U.S. at 56; *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) ("a reviewing federal court may set aside a . . . guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld

on federal review."). Accordingly, claim four is denied.[2]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[2] In his amended Reply, Petitioner appears to raise numerous new allegations, including claims that the prosecutor vindictively charged him, he was not competent to proceed, the trial court erred by denying his motion to disqualify, the prosecutor knowingly used perjured testimony, the State failed to disclose *Brady* material, and law enforcement officers intentionally destroyed evidence. (Doc. 42 at 3-32). Petitioner also challenges the veracity of numerous court documents and states that the lawyers and trial court judge committed misconduct. *Id.* These claims are raised for the first time, are untimely under § 2244(d), and do not relate back to the original proceedings. *See* Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644 (2005). Alternatively, these claims are unexhausted because they were not raised on direct appeal. To the extent Petitioner raised these claims in his Rule 3.850 proceedings, he did not appeal the denial of a final trial court order. Petitioner has not demonstrated any cause or prejudice for the procedural default. *Wright*, 169 F.3d at 703. Furthermore, he has not shown that he is actually innocent of the charges. *Murray*, 477 U.S. at 478. Accordingly, these claims are procedurally barred.

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Douglas Morin (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** in Orlando, Florida, this 10th day of October, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 10/10
Counsel of Record
Douglas Morin